WAGENER & CO. v. MARS.

1. Under a plea of payment, defendant cannot avail himself of a counterclaim: as, *e. g.,* where plaintiff received the proceeds of a draft, half of which belonged to defendant, but which was wholly applied to the individual indebtedness of the other owner of such draft, who indorsed it to plaintiff without instructions to apply any part of it to the defendant's debt.

Before COTHRAN, J., Abbeville, September, 1882.

This was an action by F. W. Wagener & Co. against T. W. Mars, commenced September 28th, 1881. The opinion sufficiently states the case. The draft referred to was as follows :

No. 27,627.    The National Bank of Columbus, Georgia, Oct. 5, 1880.    Pay to the order of W. W. and T. W. Mars, Twenty-One Hundred and Eight 17-100 Dollars.

G. W. DILLINGHAN, Cashier.

$2,108.17.    To John J. Cisco & Son, New York.

Indorsed : W. W. and T. W. Mars.

*Mr. W. H. Parker,* for appellants.

*Mr. Ellis G. Graydon* and *W. C. Benet,* contra, and on the same side argument of the late *Mr. Armistead Burt* was read.

March 11th, 1884.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    On February 9th, 1880, W. W. Mars and the defendant, T. W. Mars, executed their joint and several note, by which they promised to pay to the plaintiffs, or bearer, $3,000 on or before December 1st, 1880, with interest from date ; and on the same day T. W. Mars executed to the plaintiffs a mortgage on real estate to secure the payment of the said note. The action in this case was brought to foreclose said mortgage, and the defendant pleaded payment, first, by the proceeds of the sales of certain cotton shipped to plaintiffs, and, second, by the proceeds of a draft drawn by a bank in Georgia on John J. Cisco & Son, of New York, payable to the order of W. W. and T. W. Mars, for $2,108.17, to one-half of which it was claimed the defendant was entitled. The question as to the payment from the proceeds of the cotton has been finally disposed of in the court below, and the only question raised by the appeal is as to the payment claimed out of the proceeds of the Cisco draft.

The case was referred to the master, who found, as matter of fact, that the said draft was delivered to the plaintiffs by W. W. Mars, not as a payment on the account of W. W. Mars, but " for the purpose of allowing him to buy a bill of goods, and draw

drafts against it, the balance to go to the general account of W. W. Mars." The result, therefore, was that only such balance was applied to the general account of W. W. Mars which embraced the mortgage debt. To this report the defendant excepted, and the Circuit judge, without controverting the finding of fact by the master, held as follows: "As to the Cisco draft, it has been produced before me, and is made payable to W. W. Mars and T. W. Mars. The defendant did not indorse the draft. The plaintiffs therefore knew that defendant had a half interest in said draft. From that fact I hold that the plaintiffs are bound to apply one-half of the said draft to some debt they then held against the defendant, that is, the mortgage debt—the only one in existence at the time the payment was made—no matter what directions Walter W. Mars may have given them." He therefore sustained the exception to the master's report relative to the Cisco draft, and recommitted the report of the master with instructions to credit the mortgage debt with one-half of the balance of the Cisco draft not already so applied. From this ruling the plaintiffs appeal, alleging error therein.

It will be observed that the only defense set up in the answer of defendant was payment, and that no counter-claim was pleaded. We do not suppose that it can, for a moment, be doubted that under a plea of payment a defendant cannot avail himself of any counter-claim. So that the real question in this case is, as it appears to us, whether, even granting that the defendant did not indorse the draft, either by himself or by any authorized agent, and that the plaintiffs knew that he was entitled to a half interest in the draft, these facts would sustain a plea of payment, or whether they would not rather establish a counter-claim. If the plaintiffs have wrongfully obtained possession of the defendant's money, that may constitute a good cause of action in his favor against them, which may be asserted either in a separate action or by counter-claim in this action if it had been so pleaded; but we are at a loss to conceive how such fact could constitute a payment. If the plaintiffs had been indebted to the defendant on any other account, or if they had in any way wrongfully acquired possession of any property of the defendant, surely it could not be said that such indebtedness, or the value of such

property, would constitute a payment on the debt, the collection of which the plaintiffs are seeking to enforce in this action.

Our province being simply to review the rulings of the Circuit Court, we have not deemed it necessary to consider the other questions so elaborately discussed by the counsel on both sides, because we are satisfied that, even assuming the facts to be as stated by the Circuit judge, his conclusion of law, under the state of the pleadings, was erroneous, and, on the contrary, under the findings of fact by the master, which are not controverted by the Circuit judge, and which can be sustained by the testimony, that the exceptions should have been overruled and the master's report confirmed. Of course, under this view of the case, the question as to the alleged errors of calculation cannot arise, and need not, therefore, be considered. We do not, however, desire to be understood as precluding the defendant from asserting in another action any claims which he may suppose he has against the plaintiffs.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for the purpose of carrying out the views herein announced.